UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x

SHERRANCE HENDERSON,

       Plaintiff,

 -v-                                               No.   18 CV 8473-LTS-BCM

ERIC SANDERS et al,

       Defendants.

----------------------------------------------------------x

## MEMORANDUM ORDER

       Plaintiff Sherrance Henderson ("Plaintiff"), proceeding pro se, brings this action against Defendants Eric Sanders and The Sanders Firm P.C. ("Defendants"), asserting claims under New York state law that Defendants committed legal malpractice, breached their fiduciary duty, and breached a retainer agreement allegedly entered into by the parties. (Docket Entry No. 1, Complaint ("Compl."), at 12; Docket No. 52, Proposed First Amended Complaint ("PFAC"), at 1.)  Before the Court are Defendants' motion to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted, (Docket Entry No.

42), and Plaintiff's subsequently filed motion for leave to amend the Complaint.  (Docket Entry No. 52.) [1]  The Court has jurisdiction of this matter pursuant to 28 U.S.C. section 1332.

The Court has reviewed all of the parties' submissions carefully and, for the following reasons, grants Defendants' motion to dismiss the original complaint and denies Plaintiff's motion for leave to amend the complaint.

## BACKGROUND

The following is a summary of the material facts as alleged in the Complaint and PFAC, unless otherwise indicated.  Plaintiff's well pleaded factual allegations are assumed true for the purposes of this motion practice.

The Complaint alleges that Plaintiff paid Defendants a $30,000 fee to retain them to represent her in a civil rights action.  (Compl., at 18.)  For more than a year however, Defendants failed to file a federal civil rights complaint on Plaintiff's behalf.  (Id.)  Defendants also refused to coordinate with Plaintiff's commercial lawyer, who was at that time working to prevent the foreclosure of Plaintiff's home in connection with the loss of her Golden Corral franchise.  (Id. at 14.)  As a result, Plaintiff demanded that Defendants refund her retainer fee, alleging that she never signed a retainer agreement with Defendants.  (Id. at 18.)  Plaintiff further alleges that Defendants agreed to refund the retainer fee, but failed to return her fee "as promised, and within [the] time allotted to do so."  (Id. at 12.)  As a result of the delay, Plaintiff

---

[1]   On December 17, 2019, Plaintiff filed the PFAC, which the Court construed as a motion for leave to amend the complaint.  (Docket Entry Nos. 52, 53.)  Defendants filed a motion to dismiss the PFAC pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) on August 7, 2020, (Docket Entry No. 57), which the Court terminated without prejudice to reinstatement upon compliance with the Court's individual rules.  (Docket Entry No. 61.)

alleges that she had to sell numerous possessions "to survive" during the foreclosure of her home.  (Id. at 12, 14, 27.)

In response to Defendants' motion to dismiss, Plaintiff filed the PFAC, specifying that on April 9, 2017, she and Defendants entered into a retainer agreement wherein Defendants agreed to represent Plaintiff and her company Cornucopia Queen, Inc. "in a Civil Rights, Racketeering, and Sexual Harassment claim" against Golden Corral Corp. and TD Bank. (PFAC, at ¶, 8.)  The PFAC catalogues Defendants' alleged negligence, stating that "for at least one year defendants failed to write a simple notice l[e]tter to any of the defendants, investigate or file a complaint . . . as specified in the retainer agreement" (id. at ¶ 14), "failed to fully and fairly disclose all important information concerning any research that [they] conducted," (id. at ¶ 15), "failed to properly and thoroughly investigate the case, failed to review in detail all of the financial transactions concerning the case," (id. at ¶ 15a), "did not return calls, became hostile when plaintiff remin[d]ed [them] of filing (sic) of notice to sue . . . [and] Plaintiff had to file notice or lose the opportunity to sue."  (Id. at ¶ 15b.)  The PFAC further alleges that Defendants were "disloyal to plaintiff by representing only the firm's interest and not plaintiffs."  (Id. at ¶ 43.)

The PFAC appears to allege that Defendants' actions caused her to lose all rights to her Golden Corral franchise, (id. at ¶ 23), a franchise worth "3.7 million dollars," and alleges that "plaintiff's share would have been worth [a] minimum of $2,000,000."  (Id. at ¶ 24.) Plaintiff concludes that "'[b]ut for' the defendants' failure to exercise due care, the plaintiff would have prevailed in the underlying action or would not have incurred damages as a result of the attorneys' conduct."  (Id. at ¶ 30.)

The Complaint asserts claims of legal malpractice and breach of contract, (Compl., at 10), while the PFAC asserts the same claims and adds the claim that Defendants breached their fiduciary duty. (PFAC, at ¶¶ 21, 22, 43, 49.)

## DISCUSSION

When evaluating a motion to dismiss under Rule 12(b)(6), the Court accepts as true all factual allegations within the complaint and draws all reasonable inferences in favor of the Plaintiff. See Harris v. Mills, 572 F.3d 66, 71 (2d Cir. 2009). To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. A complaint is insufficient where it contains "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." Id. A pro se complaint is held to "less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007), and "must be construed liberally to raise the strongest arguments it suggests." Walker v. Schult, 717 F.3d 119, 124 (2d Cir. 2013) (internal quotations and citations omitted). "Nonetheless, a pro se complaint must [still] state a plausible claim for relief." Id. (citing Harris v. Mills, 572 F.3d 66, 73 (2d Cir. 2009)).

"[L]eave to amend shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). If the plaintiff has "at least colorable grounds for relief," justice requires granting leave to amend. Ryder Energy Distribution Corp. v. Merrill Lynch Commodities Inc., 748 F.2d 774, 783

(2d Cir. 1984) (citation omitted).  The Second Circuit has held that, "absent evidence of undue delay, bad faith or dilatory motive on the part of the movant, undue prejudice to the opposing party, or futility, Rule 15's mandate must be obeyed."  Monahan v. N.Y.C. Dep't of Corrections, 214 F.3d 275, 283 (2d Cir. 2000).  A proposed amendment to a pleading is futile if it cannot withstand a motion to dismiss."  Ballard v. Parkstone Energy, LLC, No. 06 CV 13099, 2008 WL 4298572, at *3 (S.D.N.Y. Sept. 19, 2008) (internal quotation marks and citations omitted).

The Complaint asserts two claims for relief: (1) that Defendants committed legal malpractice when they entered into a retainer agreement but failed to initiate legal action on Plaintiff's behalf or coordinate with Plaintiff's commercial lawyer, and (2) that Defendants breached the retainer agreement, based on the same conduct.  (Compl., at 10.)  The PFAC asserts the same claims (PFAC, at ¶¶ 21, 22, 49), and adds an additional claim for relief: that Defendants' conduct breached their fiduciary duty.  (Id. at ¶ 43.)  Claims that attorneys breached their fiduciary duty and breached a retainer contract are regularly dismissed as duplicative of legal malpractice claims if they arise from the same facts and circumstances and do not allege distinct damages.  See Keness v. Feldman, Kramer & Monaco PC., 105 A.D.3d 812, 813 (N.Y. App. Div. 2013) (collecting cases).  Because Plaintiff's breach of contract claim arises from the same allegedly negligent representation as the conduct which forms the basis for Plaintiff's legal malpractice claim, (Compl., at 12, 14), and the $2,000,000 damages alleged in connection with both claims are identical, (id. at 14), Plaintiff's breach of contract claim is dismissed as duplicative of her legal malpractice claim.  The PFAC similarly alleges that Defendants' failure to file a complaint or investigate her claims forms the basis of all three of Plaintiff's claims, (PFAC, at ¶¶ 21, 22, 43, 49), and that the damages alleged in connection with all three claims are identical.  (PFAC, at ¶¶ 24, 44, 55.)  Accordingly, the PFAC does not cure the defects in the

Complaint's breach of contract cause of action and it would be futile to amend that claim or add the claim that Defendants breached their fiduciary duty.

To state a claim for legal malpractice under New York law, a plaintiff must allege that (1) the attorney acted negligently, (2) the attorney's negligence was the proximate cause of a loss sustained, and (3) the plaintiff was damaged as a result of the attorney's actions. Prout v. Vladeck, 316 F. Supp. 3d 784, 797 (S.D.N.Y. 2018) (citing Baker v. Dorfman, 239 F.3d 415, 420 (2d Cir. 2000)).  To alleged proximate causation, a complaint must allege facts demonstrating that, but for the attorney's negligence, the plaintiff would have prevailed in the underlying action or would not have sustained any damages. Prout, 316 F. Supp. 3d at 799.  Courts have described this as a "lawsuit within a lawsuit" requirement. Id. (requiring a court to undertake "a hypothetical re-examination of the events at issue absent the alleged malpractice").

Here, the Complaint contains no facts from which the Court could undertake a hypothetical re-examination of the events at issue.  The Complaint does not allege anything about the underlying action for which Plaintiff retained Defendants; the facts giving rise to that action, the specific legal claims Plaintiff would have raised, and a demonstration of the alleged viability of those claims are entirely absent.  The sole allegation the Complaint offers about the underlying litigation is that it would have encompassed claims of discrimination due to Plaintiff's race, gender, and "ability."  (Compl., at 14.)  Without allegations of the facts which gave rise to the claims Plaintiff sought to litigate with Defendants' assistance, the Court cannot conclude that the underlying litigation would have had an outcome favorable to Plaintiff. Accordingly, construing the Complaint liberally, there is no objective basis from which the Court can plausibly infer that Defendant's alleged negligence was the proximate cause of the loss

allegedly sustained by Plaintiff.  Therefore, the Complaint does not state a claim for legal malpractice and Defendants' motion to dismiss is granted.

The PFAC does not add factual allegations that cure the defect identified above. The only new allegation in the PFAC concerning the underlying litigation asserts that Plaintiff's claims would have encompassed not only civil rights, but also sexual harassment and racketeering.  (PFAC, at ¶ 8.)  However, with respect to the manner in which Defendants' conduct caused Plaintiff's loss, the PFAC includes only a conclusory assertion that, but for the Defendants' negligence, Plaintiff would have prevailed in the underlying action or would not have incurred damages.  (PFAC, at ¶ 30.)  As this allegation merely repeats the proximate causation element of Plaintiff's legal malpractice cause of action, it is not assumed true for the purposes of this motion practice.  Iqbal, 556 U.S. at 678 ("[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are insufficient to state a claim). Accordingly, the PFAC does not allege facts from which the Court can plausibly infer proximate causation, and it would be futile to permit Plaintiff to amend the complaint.

CONCLUSION

For the forgoing reasons, Plaintiff's motion for leave to amend the complaint is denied and Defendant's motion to dismiss the complaint is granted. The Clerk of Court is requested to enter judgment accordingly and close this case. Chambers will mail a copy of this decision to the Plaintiff.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

This Memorandum Opinion and Order resolves Docket Entry Numbers 42 and 52.

SO ORDERED.

Dated: New York, New York
October 7, 2020

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge

Copy emailed to:   sharrancehenderson@gmail.com
Copy Mailed To:    Sherrance Henderson
                   385 Highland Ave
                   Newark, NJ 07104